IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACK LEE CHRISTY,

Plaintiff,

v.

PEPIN COUNTY DA OFFICE,
PEPIN COUNTY COURTHOUSE,
PEPIN COUNTY LAW ENFORCEMENT,
and STATE OF WISCONSIN,

Defendants.

OPINION AND ORDER

26-cv-975-wmc

---

Plaintiff Jack Christy, representing himself, has filed suit against various Pepin County entities and the State of Wisconsin, alleging that they have been harassing him for more than 20 years, particularly in conjunction with a past family court case, Pepin County Case No. 2006FA19, and ongoing criminal proceedings for unlawful phone use, Pepin County Case No. 2026CM5. (Dkt. #1.) Consistent with W.D. Wis. Administrative Order 421, this court is required to confirm subject matter jurisdiction before issuing summons. (Dkt. #5.) In particular, "[f]ederal district courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute." *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (cleaned up). When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). However, even under this lenient standard, the complaint must be dismissed for the reasons explained below, and plaintiff's recently filed motion for a directed verdict (dkt. #8) will be denied.

OPINION

The allegations in plaintiff's complaint are sparse, but the court understands plaintiff to be seeking injunctive relief to "put a stop" to "harassment," which allegedly includes being "mailed papers" in lieu of an arrest, the Pepin County District Attorney's Office requesting a bond, and a guardian ad litem engaging in unspecified misconduct resulting in him being criminally charged for sending one text message. Plaintiff also complains that sometime in the past, he has been tazed by police officers, thrown in a padded cell, and forced to surrender his weapons and hunting gear.

As a threshold matter, absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim for injunctive relief or damages when doing so would interfere with a state's pending criminal prosecution or family court proceedings. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013); *Simpson v. Rowan*, 73 F.3d 134, 137-38 (7th Cir. 1995). Adjudicating any claim that plaintiff may seek to bring regarding various Pepin County officials' conduct during the course of his arrest or prosecution for unlawful phone use would unduly interfere with his ongoing criminal case in state court. In addition, to the extent that plaintiff's complaint concerns a prior child custody or support order, those issues are the primary responsibility of state courts, and as such, this court lacks subject matter jurisdiction to entertain even constitutional claims regarding such matters under the domestic-relations exception. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Adam v. Franz*, No. 02-cv-53-bbc, 2002 WL 32341816, at *4 (W.D. Wis. May 10, 2002) (citing *Allen v. Allen*, 48 F.3d 259, 261-62 (7th Cir. 1995)). Indeed, to raise a claim regarding a child custody or support matter, plaintiff's remedy is "to appeal within

the state court system, not to raise a new collateral attack in federal court." *Vidal v. Wisconsin*, No. 21-CV-0069, 2022 WL 17175093, at *2 (E.D. Wis. Nov. 2, 2022).

Moreover, even if the court could address plaintiff's claims regarding his arrest for unlawful phone use, he has not included sufficient detail to comply with Federal Rule of Civil Procedure 8, which requires a plaintiff to provide notice to the defendants of what plaintiff believes each defendant did to violate his rights. Specifically, he fails to identify the dates or circumstances of any incident, who was involved, or why he believes any of this conduct constituted a violation of his constitutional rights. Instead, plaintiff raises vague complaints about the Pepin County District Attorney's Office, Courthouse, and law enforcement, while also naming without explanation the State of Wisconsin as a defendant. However, neither the state nor county entities like the courthouse and District Attorney's Office are *persons* for purposes of 42 U.S.C. § 1983, and they cannot be held liable for constitutional violations under that statute. *See Sebesta v. Davis*, 878 F.3d 226, 231 (7th Cir. 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004). Finally, even though a narrow exception to the sovereign immunity doctrine allows suits for injunctive relief against state *officers* in their official capacities to enjoin *ongoing* violations of federal law, *Sherwood v. Marchiori*, 76 F.4th 688, 693 (7th Cir. 2023) (citing *Reed v. Goertz*, 598 U.S. 230 (2023)), plaintiff has not alleged that any official is engaged in a current and ongoing violation his federal rights, as the incidents he mentions seem to have occurred in the past.

The Seventh Circuit has cautioned against dismissing a *pro se* plaintiff's case without giving the plaintiff a chance to amend the complaint to include allegations that may preserve his claim, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), unless it is clear that any

amendment would be futile. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). While further amendment of plaintiff's claims against the existing defendants would be futile for the reasons explained above, the court will dismiss the complaint without prejudice and give plaintiff 30 days to file an amended complaint against an individual defendant or defendants, if he wishes to do so. Plaintiff should take care to explain any alleged incident of harassment in detail and is strongly encouraged to use a court approved form, as he did with his initial complaint. If plaintiff submits a proposed amended complaint by the deadline set forth below, the court will review it for potential jurisdictional issues, but if he files nothing, the court will dismiss this case with prejudice for failure to prosecute, under Federal Rule of Civil Procedure 41(b).

ORDER

IT IS ORDERED that

1) The complaint filed by plaintiff Jack Lee Christy is DISMISSED without prejudice.

2) Plaintiff has until December 21, 2026, to file an amended complaint on a court approved form. If plaintiff does not file an amended complaint by that date, this case will be dismissed with prejudice for failure to state a claim.

3) Plaintiff's motion for a directed verdict (dkt. #8) is DENIED.

Entered this 20th day of November, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge